UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                                                    Civil Case # 5:18-cv-1167 (GLS/TWD)

MARCHERI EDINA WILLIAMS SMITH a/k/a
MARCHERI EDINA WILLIAMS

              Defendant.

---

## **COMPLAINT**

    Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Mary E. Langan, Assistant United States Attorney, on behalf of the Social Security Administration, alleges the following:

    1.    This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1345 and 42 U.S.C. § 404(a)(1)(A).  Additionally, the Federal Debt Collection Procedures Act of 1990 ("FDCPA") authorizes the government's action now "to recover a judgment on [the] debt" that Defendant, Marcheri Edina Williams Smith a/k/a Marcheri Edina Williams (hereinafter "Defendant"), has long refused to pay. 28 U.S.C. § 3001(a).

    2.    Defendant resides in the Town of Clay, Onondaga County, Northern District of New York.

3. Defendant received Title II disability payments from the United States Social Security Administration (hereinafter "SSA") from September 1991 through July 2012.

4. The debtor was ineligible for disability benefits from September 1998 through December 1998, April 2009 through March 2012, and from July 2012 through August 2012. Despite that the defendant was ineligible for disability benefits during these time periods, payments were made to her through June 2012 resulting in an overpayment amount of $32,459.50.

5. On March 26, 2012, a notice was sent to defendant informing her that she was deemed ineligible for disability benefits as of April 2009 due to her engagement in "substantial work." Even though her benefits should have ceased in April 2009, Defendant continued to receive payments through June 2012.

6. On June 27, 2012, Defendant requested a hearing. A Notice of Hearing was mailed on August 6, 2012 and a second notice was mailed on August 23, 2013 to her last known address. After the Acknowledgment of Receipt was not received, another Notice of Hearing was mailed on October 9, 2013. The claimant did not appear at the hearing. A Notice to Show Cause for Failure to Appear was mailed by certified mail return-receipt mail on October 18, 2013. Defendant signed for the letter but did not respond with 10 days after the notice was mailed. On November 22, 2013, the request for hearing made on June 27, 2012 was dismissed and the June 14, 2012 determination remained in effect.

7. On or around March 19, 2018, SSA made a final request to Defendant for repayment of the overpayment in the amount of $32,459.50, Defendant was given until

April 20, 2018 to make payment or the debt would be referred to the Department of Justice for collection.

8. Defendant has not made payment.

## Cause of Action

9. The Social Security Act provides that "[w]ith respect to payment to a person of more than the correct amount, the Commissioner of Social Security shall…require such overpaid person or her estate to refund the amount in excess of the correct amount…" 42 U.S.C. § 404(a)(1)(A).

10. The United States is entitled to recover payments made to Defendant because her entitlement to disability benefits ended when she became employed and was able to demonstrate an ability to perform substantial work.

11. The United States is entitled to recover amounts paid as an unjust enrichment to Defendant.

12. The Certificate of Indebtedness, attached as "Exhibit A", demonstrates that Defendant is indebted to the United States in the amount of $32,459.50 in overpayments of Social Security benefits paid to her.

WHEREFORE, the United States prays that, after due proceedings, there be a judgment in its favor and against Defendant, Marcheri E. Williams Smith, awarding the United States:

    A.    The amount of $32,459.50;

    B.    Costs of these proceedings;

    C.    Post-judgment interest; and

D. Any other relief which the Court may deem just and proper.

Dated: September 24, 2018

Respectfully submitted,

GRANT C. JAQUITH
UNITED STATES ATTORNEY

By: /s/ Mary E. Langan
Mary E. Langan
Assistant United States Attorney
Bar Roll No. 518971
Attorney for Plaintiff
100 S. Clinton Street
Syracuse, NY 13261
Phone: 315-448-0672
Fax: 315-448-0646

Social Security Administration

Office of Central Operations

1500 Woodlawn Drive

Baltimore, MD 21241

CERTIFICATE OF INDEBTEDNESS

Claim No.          XXX-XX-2501

Marcheri Edina Williams Smith

8136 Henry Clay Blvd.

Clay, NY 13041

Total debt due United States as of April 27, 2018:     $32,459.50

I certify that the Social Security Administration's record show that the above named debtor is indebted to the United States the amount stated above.

Section 223(f) (1) (B) of the Social Security Act states that the individual may be determined not to be entitled to disability benefits based on a finding that the individual is able to engage in substantial gainful activity. Section 216(i) of the Act provides, generally that Social Security disability benefits shall not be payable to a claimant for any months in which the claimant performs substantial gainful activity.

Section 233 (a) (1) € of the Act states the termination month shall be the third month following the earliest month in which an individual engages or is determined able to engage in substantial gainful activity, but in no event earlier than the first month occurring after the 36 month following such period of trial work in which he or she engages or is determined able to engage in substantial gainful activity.

The above named debtor was ineligible for disability benefits from September 1998 through December 1998, April 2009 through March 2012 and from July 2012 through August 2012. Payments were made through June 2012. The overpayment amount is $32,459.50.

CERTIFICATION: Pursuant to 28 USC 1746, I certify under penalty of perjury that the foregoing is true and correct.

*[signature]*

Angela Hunter for

Chris Goble

Associate Commissioner, OCO

Date: April 27, 2018

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary E. Langan, AUSA, USAO
100 S. Clinton Street, Syracuse, NY 13261
Telephone No.: 315-448-0672

## DEFENDANTS
MARCHERI EDINA WILLIAMS SMITH a/k/a MARCHERI EDINA WILLIAMS

County of Residence of First Listed Defendant    ONONDAGA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [X] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | | | | | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[ ] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345 and 42 U.S.C. 404(a)(1)(A)
Brief description of cause:
SOCIAL SECURITY OVERPAYMENT

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 32,459.50
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 9/24/18
SIGNATURE OF ATTORNEY OF RECORD *Mary E.[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT N/A    APPLYING IFP N/A    JUDGE GLS    MAG. JUDGE TWD